**Husan Lal CHUMBER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72838.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Christopher C. Wang, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Husan Lal Chumber is a native and citizen of India. Chumber petitions for review of the Board of Immigration Appeals' ("BIA") decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence an ad-

verse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we grant and remand the petition in part, and deny the petition in part.

Substantial evidence does not support the IJ's and BIA's adverse credibility determinations because they were based on minor inconsistencies about dates, testimony that was not implausible, and findings that are not supported by the record. *See Bandari v. INS*, 227 F.3d 1160, 1166–68 (9th Cir.2000); *see also Suntharalinkam v. Gonzales*, 458 F.3d 1034, 1040–44 (9th Cir. 2006).

Accordingly, we grant the petition with respect to the asylum and withholding of removal claims, and remand to determine whether, deeming Chumber credible, he is eligible for relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the conclusion that Chumber did not establish that it is more likely than not that he will be tortured if returned to India, and we therefore deny the petition with respect to the CAT claim. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED and REMANDED in part; and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.